UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY GIVENS, | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) Civil Action No. 05-ca-002435 (ESH) <br> ) |
| v. | ) <br> ) <br> ) |
| DISTRICT OF COLUMBIA, DEPARTMENT OF MENTAL HEALTH | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

**DEFENDANT DISTRICT OF COLUMBIA DEPARTMENT OF MENTAL HEALTH'S ANSWER TO THE COMPLAINT**

Defendant District of Columbia, by and through counsel, and answers the Complaint herein as follows:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

As to each of the numbered paragraphs of the complaint the defendant specifically answers as follows:

1. Defendant neither admits nor denies the allegations of Paragraph 1 of the Complaint because they are legal conclusions as to which no answer is required.

2. Defendant neither admits nor denies the allegations of Paragraph 2 of the Complaint because they are legal conclusions as to which no answer is required.

3. Defendant neither admits nor denies the allegations of Paragraph 3 of the Complaint because it lacks sufficient information to determine the truth of the matters alleged. Defendant admits that Plaintiff is an employee.

4. Defendant neither admits nor denies the allegations of Paragraph 4 of the Complaint because they are legal conclusions as to which no answer is required.

5. Defendant admits that Plaintiff filed a complaint with the D.C. Office of Human Rights. Defendant denies that all conditions precedent for the initiation of this lawsuit have been met. It does not appear that the Equal Employment Opportunity Commission has issued a right to sue letter and therefore all administrative remedies have not been exhausted.

6. Defendant admits that a Notice of Proposed Removal with respect to Plaintiff's employment was issued on or about July 14, 2003.

7. Defendant denies that it attempted to coerce Plaintiff in any respect whatsoever.

8. Defendant admits that Plaintiff utilized the internal grievance process that it makes available to its employees. Defendant admits that the EEO investigator made certain conclusions, but denies that it caused delays.

9. Defendant denies the allegation contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. [There is no paragraph 15 of the Complaint.]

16. [There is no paragraph 16 of the Complaint.]

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

**Prayer For Relief**

Defendant denies that Plaintiff is entitled to any relief whatsoever.

**Third Defense**

Defendants deny all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

**Fourth Defense**

Defendants, their agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

**Fifth Defense**

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

## Sixth Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than Defendants, their agents, employees, and/or servants acting within the scope of their employment.

## Seventh Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

## Eighth Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than Defendants, their employees, agents and servants acting within the scope of their employment.

## Ninth Defense

If plaintiff was injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than Defendants, their agents, employees or servants acting within the scope of employment.

## Tenth Defense

Defendants' interpretations of all applicable contractual, statutory, regulatory, constitutional, and common law requirements are rational and reasonable; are not arbitrary and capricious; and are otherwise in accordance with the law.

**Eleventh Defense**

At all times relevant herein, Defendants, their employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**Twelfth Defense**

Defendants assert immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

**Thirteenth Defense**

Acts or omissions of Defendants, their employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

**Fourteenth Defense**

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (2001 ed.).

**Fifteenth Defense**

Plaintiff may have failed to mitigate his damages.

**Sixteenth Defense**

Plaintiff's claims are barred by collateral estoppel and res judicata.

**Seventeenth Defense**

Plaintiff may have failed to fully exhaust administrative remedies pursuant to the Title VII.

**Eighteenth Defense**

Plaintiff is not entitled to punitive damages.

### Nineteenth Defense

Plaintiff is not entitled to attorney's fees.

### Twentieth Defense

Plaintiff may have filed this action outside the time limits imposed by the Statute of Limitations.

### Twenty-First Defense

Defendant invokes the affirmative defense set forth in Faragher v. Boca Raton, 524 U.S. 775 (1998), and Burlington Inds. v. Ellerth, 524 U.S. 742 (1998).

### Twenty-Second Defense

Plaintiff lacks standing under Article III of the United States Constitution to seek prospective injunctive relief.

### Twenty-Third Defense

Plaintiff has not established the personal jurisdiction of this Court over Defendant.

### Jury Demand

Defendants hereby demand a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Defendant prays that same be dismissed, and that they recover their costs of suit expended herein.

Dated: January 30, 2006                    Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Kimberly Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163


/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer of the Defendants was served through the Court's ECF/CM system on this 30th day of January 2006 upon Plaintiff and the Court.


/s/ Wendel Hall
WENDEL HALL
Assistant Attorney General

7